**UNITED STATES of America,**
**Appellee,**

v.

**Gabriel OQUENDO, Defendant–**
**Appellant,**

**Raymond Ortiz, Jimmy Sosa, and Christine Mercado, Defendants.**

No. 05–5254–cr.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Sam A. Schmidt, New York, NY, for Defendant–Appellant.

Benjamin Gruenstein, Assistant United States Attorney (Harry Sandick, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Gabriel Oquendo ("Oquendo") appeals from a judgment of conviction entered on September 23, 2005, in the United States District Court for the Southern District Court of New York (Sand, *J.*). Following a jury trial, Oquendo was convicted on four counts: (1) conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine in violation of 21 U.S.C. § 846; (2) managing a space for narcotics purposes in violation of 21 U.S.C. § 856; (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (4) being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

On appeal, Oquendo challenges the district court's suppression ruling and the denial of his motion to reopen the suppression hearing. He also argues that the district court committed reversible error in not granting his application for a mistrial based on alleged misconduct by the government during its rebuttal summation. We presume familiarity with the facts, the procedural history, and the issues presented on appeal.

### A. Denial of motion to suppress

We review the legal issues surrounding a denial of a motion to suppress *de novo,* and factual findings for clear error, view-

ing those facts in the light most favorable to the government. *See United States v. Casado,* 303 F.3d 440, 443 (2d Cir.2002).

■ Oquendo first argues that there were no exigent circumstances justifying the warrantless entry into his apartment. To the contrary, the police were in hot pursuit of Oquendo's co-defendant, Raymond Ortiz, who had just sold crack cocaine to an undercover officer, and fled from a public space to Oquendo's apartment to avoid arrest. Moreover, Ortiz was engaged in a dangerous activity (drug dealing), there was a risk that he would destroy evidence, and there was a risk he might escape through a back window or exit. Thus, the district court correctly found that the police officers' warrantless entrance into Oquendo's home was justified. *See United States v. Santana,* 427 U.S. 38, 43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *United States v. Snype,* 441 F.3d 119, 133–34 & n. 10 (2d Cir.2006).

■ Oquendo next argues the police engaged in an impermissible protective sweep of his apartment. However, this issue was not raised at the suppression hearing, and Oquendo has not demonstrated good cause for his failure to do so. Thus, this issue was waived. *See United States v. Yousef,* 327 F.3d 56, 125 (2d Cir.2003); *United States v. Wilson,* 11 F.3d 346, 353 (2d Cir.1993).

■ During the protective sweep the police discovered a strainer with a white residue on it in the kitchen of Oquendo's apartment. When conducting a lawful protective sweep, officers can seize any items in plain view, if the incriminating nature of the item is apparent without inspection. *See Coolidge v. New Hampshire,* 403 U.S. 443, 465–66, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Oquendo argues that the incriminating nature of a strainer in a kitchen was not readily apparent. We

disagree. The police had probable cause to suspect that a strainer with white residue on it, in an apartment to which a crack cocaine drug dealer had just fled, was drug related.

■ Oquendo finally argues that the district court improperly relied on Oquendo's un-*Mirandized* statement that the cocaine residue on the strainer was for personal use, in establishing that the police had probable cause to arrest him. We need not reach this issue because the district court noted three other factors that could support a finding of probable cause without the statement: (1) Ortiz fled a drug transaction into Oquendo's apartment; (2) Ortiz and Oquendo denied the police entry into the apartment; and (3) a strainer with white powder consistent with cocaine residue was found in the apartment. We agree that these three factors apart from Ortiz's un-*Mirandized* statement were sufficient to establish probable cause to arrest Oquendo.

**B. Denial of motion to reopen the suppression hearing**

We review a district court's decision whether or not to reopen a suppression hearing for abuse of discretion. *United States v. Bayless,* 201 F.3d 116, 131 (2d Cir.2000); *United States v. Oliver,* 626 F.2d 254, 260 (2d Cir.1980).

■ Oquendo argues that inconsistencies between the testimony of some of the police officers at trial and the testimony of Detective James Hanna at the suppression hearing constituted "new evidence" that required reopening and reconsideration of the suppression ruling. The alleged inconsistencies involved the dresser in which the bullets were found; whether a digital scale was found in a dresser drawer; whether Oquendo nodded towards the dresser (because he was handcuffed) or pointed at it (because he was

not handcuffed); and whether the police took contemporaneous police photos of the apartment. Though they may bear on the general credibility of the government witnesses, these alleged inconsistencies do not bear on the core findings of the suppression hearing—namely that exigent circumstances justified the warrantless entry, the strainer was in plain view, and the police had probable cause to arrest Oquendo. Thus, denying the motion to reopen the suppression hearing was not an abuse of discretion.

## C. Denial of application for a mistrial

We finally turn to Oquendo's application for a mistrial based on alleged misconduct by the government during its rebuttal summation. In essence, Oquendo claims that the Assistant United States Attorney ("AUSA") vouched for the credibility of a controversial witness, Betty Salazar, and testified to the jury when he explained that his notes from his conversation with Salazar were not verbatim.

■ Oquendo faces a "heavy burden" here, and the misconduct must be "so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993); *see United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir.1992) ("It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required.") (internal quotation marks omitted). When a defendant makes a contemporaneous objection to the summation argument, the trial court must evaluate "the severity of the misconduct, the curative measures taken, and the certainty of conviction absent the misconduct." *United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir.1994). However, Oquendo's attorney waited until after the AUSA's summation and after the jury had left to move for a mistrial based on the

Government's summation. Because Oquendo failed to make a timely objection to the AUSA's summation, "the statement will not be deemed a ground for reversal unless it amounts to a flagrant abuse." *United States v. Rivera*, 22 F.3d 430, 437 (2d Cir.1994) (internal quotation marks omitted).

■ There was no flagrant abuse here. Pointing out to the jury that the AUSA's notes were not a verbatim account of a police interview with Salazar could be construed as arguing that the jury should make an inference from the facts presented. Furthermore, after Salazar's credibility had been attacked by Oquendo in his closing argument, the AUSA could appropriately point out that much of Salazar's testimony was consistent with the AUSA's notes. In addition, Oquendo's failure to make a contemporaneous objection deprived the district court of the ability to curtail this portion of the summation. Finally, Oquendo actually prevailed on the main issue in dispute in Salazar's and the AUSA's notes: the quantity of drugs associated with the conspiracy in count one of the indictment. Thus, this portion of the AUSA's summation had no prejudicial effect.

\* \* \*

We have considered all of Oquendo's remaining arguments and find them to be without merit. For all the foregoing reasons, the judgment of conviction is AFFIRMED.